## GRADUS v. GLASCOCK.
No. 62580.

Circuit Court, Orange County.

August 25 and 30, 1965.

S. Victor Tipton, Orlando, for plaintiff.

Maguire, Voorhis & Wells, Orlando, for defendant.

GEORGE E. ADAMS, Circuit Judge.

*Order, August 25, 1965:* This cause came on to be heard upon defendant's motion to produce the written reports of all physicians, including Dr. Thomas H. Nichols and Dr. Samuel L. Turek, relative to or concerning the physical condition of the plaintiff since the accident alleged in the complaint; and the court having in its order dated August 12, 1965, reserved decision on said motion to produce and there having been written memoranda submitted to the court by the counsel for the parties and it appearing that the plaintiff has objected to the production of said reports on the ground that any such report would constitute the work product of the plaintiff and as such, would not be subject to discovery, the court finds as follows —

It appears that it is well recognized in the state of Florida that any statements obtained from witnesses in preparation for trial are not subject to discovery. This is so even though the statements may have been taken prior to the commencement of any action.

It is also recognized that statements of expert witnesses containing purely expert or opinion testimony are not subject to discovery. It would appear that a written report of a physician could contain testimony as to his observations as to things that he actually saw and observed which observations would seem to be in the same category as testimony of any other witness as to occurrences or physical things observed by him.

It would seem, therefore, that there is no greater reason for subjecting a statement made by a doctor to discovery by producing it for copying or inspection than there is any other witness. It is also true that a doctor's testimony is not subject to discovery when he testifies purely and solely as an expert witness; therefore, in either event, the written reports of physicians would not be subject to discovery by copying or inspection if they were made to the plaintiff or his attorney in preparation for trial.

It is, therefore, ordered and adjudged that the plaintiff be and she is hereby required to produce all written reports of all physicians before this court at 11 A.M., Friday, August 27, 1965, in order that the court may examine said reports and counsel for the plaintiff in order to determine whether said reports were made in preparation for trial.

*Order, August 30, 1965:* This cause came on to be heard on August 27, 1965 upon plaintiff's motion to strike and upon defendant's motion to produce; and the court having heard argument of counsel for the parties and pursuant to order of court dated August 25, 1965, counsel for plaintiff did produce before the court statements from Dr. Turek and Dr. Nichols which were examined by the court and found by the court to be the work product of the plaintiff and counsel, it is therefore ordered and adjudged that said motion to strike be and it is hereby granted as to sub-paragraph numbered 4(d) from defendant's amended answer; and the defendant be and she is hereby given 15 days within which to amend; and it is further ordered and adjudged that said motion to produce be and it is hereby denied.